IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JONATHAN FRANKEL, Derivatively on Behalf of GROUPON, INC., | ) Case No. 1:21-cv <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) <br> ) |
| MELISSA THOMAS, THEODORE J. LEONSIS, ERIC LEFKOFSKY, PETER J. BARRIS, ROBERT J. BASS, DEBORAH WAHL, RICHARD WILLIAMS, MICHAEL ANGELAKIS, and ANN ZIEGLER, | ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| Defendants, | ) <br> ) |
| -and- | ) <br> ) |
| GROUPON, INC., a Delaware Corporation, | ) <br> ) |
| Nominal Defendant. | ) <br> ) |

## MOTION FOR LEAVE TO FILE COMPLAINT UNDER SEAL

Plaintiff Jonathan Frankel, by his attorneys, hereby requests leave to file his Complaint in this action under seal. In support of this motion, plaintiff states as follows:

1. This is a verified stockholder derivative action brought by plaintiff on behalf of nominal defendant Groupon, Inc. ("Groupon" or the "Company") against certain officers and directors for violation of securities law, breach of fiduciary duty, waste of corporate assets, and unjust enrichment.

2. Groupon provided to plaintiff certain documents which the Company claims contain nonpublic, confidential, proprietary, or commercially sensitive information. Plaintiff used certain information contained within these documents in his Complaint. Pursuant to the Confidentiality Agreement dated November 24, 2020, plaintiff is required to request permission of the Court to file his Complaint under seal.

3.   Therefore, plaintiff requests the Court's permission to file his Complaint under seal. In *Littlejohn v. Bic Corp.*, 851 F.2d 673 (3d Cir. 1988), the Third Circuit held that the right of access to judicial proceedings and records "is not absolute."  *Id.* at 678 (citing *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 598 (1978)).  Rather, "[c]ourts may deny access to judicial records, for example, where they are sources of business information that might harm a litigant's competitive standing. *Littlejohn*, 851 F.2d at 678 (quoting *Nixon*, 435 U.S. at 598); *see also Leucadia, Inc. v. Applied Extrusion Tech, Inc.*, 998 F.2d 157, 166 (3d Cir. 1993) ("Documents containing trade secrets or other confidential business information may be protected from disclosure.").  Based on Groupon's representations that its production contains confidential information, the Court should allow plaintiff to file the Complaint under seal.

WHEREFORE, plaintiff respectfully requests leave to file his Complaint in this action under seal.  Plaintiff will then promptly provide Groupon with the Complaint to enable it to review it for any information that it believes is nonpublic, confidential, proprietary, or commercially sensitive.  Groupon can then file a redacted, public version of the Complaint.

Dated: September 9, 2021

**COOCH AND TAYLOR, P.A.**

/s/*Blake A. Bennett*
Blake A. Bennett (#5133)
The Nemours Building
1007 N. Orange Street, Suite 1120
Wilmington, DE 19801
Telephone: (302) 984-3800
Facsimile:  (302) 984-3939
E-mail: bbennett@coochtaylor.com

**OF COUNSEL:**

**ROBBINS LLP**
Brian J. Robbins
Kevin A. Seely
Trevor S. Locko
5040 Shoreham Place
San Diego, CA 92122
Telephone: (619) 525-3990
Facsimile: (619) 525-3991

*Attorneys for Plaintiff*

E-mail: brobbins@robbinsllp.com
kseely@robbinsllp.com
tlocko@robbinsllp.com